## ENFORCEMENT OF STOCKHOLDERS' LIABILITY.

Circuit Court of Franklin County.

F. M. MARRIOTT v. THE COLUMBUS, SANDUSKY & HOCKING RAILROAD COMPANY ET AL. [*]

Decided, September Term, 1907.

*Corporations—Statutory Liability of Stockholders—Pleading—Judgment—Appeal—Statute of Limitations—Insolvency—Absence from the Jurisdiction—Allowance of Attorneys Fees.*

1. The indebtedness of an insolvent corporation having been ascertained in an action to assess the liability of stockholders, the averment that the defendants are stockholders but without specifying the number of shares held by each, permits the taking of a several judgment against all who are solvent and within the jurisdiction, the amount of the judgment in each case to be the proportion which the stock owned bears to the entire indebtedness together with costs.

2. Allowance and payment of attorney fees and other expenses out of the fund brought into court, does not prevent the prosecution of an appeal; but the appeal can only be taken as against those who have not paid the judgment rendered against them, and is without prejudice to them in the event an additional assessment should be made, and is also without prejudice to stockholders who were not made parties until more than six years after the right of action accrued, unless it affirmatively appear that they were insolvent at the time of pleading the bar of the statute.

[*] For previous opinions in the same case, see 8 C. C.—N. S., 495 (affirmed by the Supreme Court), and 2 N. P.—N. S., 231.

DUSTIN, J.; SULLIVAN, J., and WILSON, J., concur.

In an action to assess the statutory liability against the stockholders of a corporation an averment in the petition that certain defendants are stockholders and liable as such is sufficient to warrant proof and judgment for any number of shares in the name of each.

In such action the court is not authorized to render a judgment, without regard to the amount of the indebtedness of the corporation, for an amount equal to the face value of the stock; but after first ascertaining the indebtedness must render a several judgment against all solvent stockholders within the jurisdiction in proportion to the stock owned by each for a sufficient amount to cover such indebtedness and costs.

The interlocutory order of July, 1905, was afterwards merged in the order of December, 1906, and the two together constituted the final order in the case, from which the plaintiff could not appeal as against such defendant stockholders as had theretofore paid to the receiver the full amount of the judgment against them, although not estopped to appeal from the judgment against the other defendants not paying. Nor shall such other defendants be prejudiced thereby, as any additional assessment must be made upon the same basis as if the stockholders thus released were still before the court, and the loss thus incurred be borne by the creditors. A like rule will be applied to such stockholders as were not made parties until more than six years after the right of action accrued and were therefore released from all liability upon a plea of the statute of limitations, unless it affirmatively appears that at the time of such plea they were insolvent.

The allowance by the court and receipt by the attorneys for the plaintiff of a fee of $15,000 and certain expenses paid out of the fund brought into court through their efforts did not estop plaintiff from prosecuting an appeal.

The defendants, Leroy S. Lincoln and William Huston, were residents of the state of Pennsylvania, and absent from this state when the right of action accrued against them. The period limited for the commencement of the action against them did not begin to run until they came into the state or entered their

appearance by pleading in November, 1903. The defense interposed is not good as to these two defendants.

Upon a re-examination of the issues presented by the Pullman Company and George Bellows, we adhere to the former holding of this court that the Pullman Company is liable on 1353.34 shares and that George Bellows is liable as found by the master. We adhere also to our former conclusion as to the stock held by Pomeroy, trustee, and the Sessions estate.

The stock held by the partnership Stearns & Hoover and Charles Parrott and associates is released from assessment under the defense of the statute of limitations, and as to all other stock not herein referred to, we are in accord with the findings of the court of common pleas, except that the liability of assignors of stock must be governed by the rule stated in the case of *Poston v. Hull*, 75 O. S., 502.

We are of opinion that, allowing for insolvency and non-residence of stockholders, the assessment should be fifty per cent. of the face value of all stock not exempt under the rule hereinbefore stated.

*G. H. Stewart*, for plaintiff.

*W. O. Henderson et al*, for defendants.